IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST. C. WOODS, II, | ) | No. C 10-1859 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER FOR PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE DENIED AND THE COMPLAINT DISMISSED** |
| v. | ) | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. He has applied for leave to proceed *in forma pauperis* in a separate order. This Court reviews the complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, Plaintiff is ordered to show cause why leave to proceed in forma pauperis should not be denied and the case dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128

1    F.3d 1310, 1311-12 (9th Cir. 1997).

2        For purposes of a dismissal that may be counted under Section 1915(g), the phrase
3    "fails to state a claim on which relief may be granted" parallels the language of Federal
4    Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous"
5    refers to a case that is "'of little weight or importance: having no basis in law or fact,'"
6    and the word "malicious" refers to a case "filed with the 'intention or desire to harm
7    another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

8        *Andrews* requires that the prisoner be given notice of the potential applicability of
9    Section 1915(g), by either the district court or the defendants, but also requires the
10   prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar
11   pauper status for him. *Id. Andrews* implicitly allows the court to sua sponte raise the
12   Section 1915(g) problem, but requires the court to notify the prisoner of the earlier
13   dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an
14   opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A
15   dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as
16   a pauper under Section 1915(g), but he still may pursue his claims if he pays the full
17   filing fee at the outset of the action.

18       A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he
19   has had at least three such cases or appeals dismissed on the ground that they were
20   frivolous, malicious, or failed to state a claim upon which relief may be granted.
21   Plaintiff is now given notice that the Court believes the following dismissals may be
22   counted as dismissals for purposes of Section 1915(g): (1) *Woods v. Carey, et al.*, E. D.
23   Cal. Case No. C 05-0049 MCE-DAD (Jan. 26, 2006) (civil rights action dismissed for
24   failure to state a claim upon which relief may be granted), *aff'd* Appeal No. C 06-15973
25   (9th Cir. Jan. 18, 2007); (2) *Woods v. Hill, et al.*, N.D. Cal. Case No. C 05-1157 MJJ
26   (May 31, 2005) (civil rights action dismissed for failure to state a claim upon which
27   relief may be granted), *aff'd* Appeal No. C 06-15973 (9th Cir. Nov. 27, 2007); (3) *Woods*
28   *v. Carey, et al.*, Appeal No. 08-15595 (9th Cir. April 18, 2008) (appeal in civil rights

case dismissed for lack of jurisdiction); and (4) *Woods v. Carey*, *et al.*, Appeal No. 10-16741 (9th Cir. August 24, 2010) (appeal in civil rights case dismissed for lack of jurisdiction). The court made its evaluation of these cases based on the dismissal orders in them. *See Andrews*, 398 F.3d at 1120.

**CONCLUSION**

In light of the dismissals cited above, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he shall SHOW CAUSE in writing filed no later than **December 21, 2010**, why in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full $350.00 filing fee by **December 21, 2010**. Plaintiff's failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: November 15, 2010

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS II,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV10-01859 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest C. Woods D 58091
P.O. Box 689
Soledad, CA 95696

Dated: November 16, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk