IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST C. WOODS, | ) | No. C 10-1859 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) | |
| | ) | |
| BEN CURRY, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. He has previously been granted leave to proceed *in forma pauperis*. The case was dismissed pursuant to 28 U.S.C. § 1915(g). The Ninth Circuit reversed and remanded to this Court for further proceedings. The Complaint is now reviewed pursuant to 28 U.S.C. § 1915A, and it is dismissed with leave to amend within thirty days.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Discussion

The complaint contains a number of improperly joined claims. Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

2

The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.*

Plaintiff names 41 defendants. His four claims arise from a wide variety of different and unrelated incidents. He alleges, among many other things, that he was denied law library access, improperly given an upper bunk, denied kosher meals, had his trust account frozen, subjected to excessive force, placed in mechanical restraints that were too tight, denied adequate care for his back, had his medical condition misdiagnosed, strip searched, had his personal property taken, forced to eat with his hands, disciplined without due process, given inadequate medication. He lists four different claims – for retaliation, the denial of adequate medical care, the failure to protect his safety, and the confiscation of his personal property. These different claims all arise from distinct incidents involving different prison officials. As alleged, his claims did not arise out of the same transaction, occurrence or series of occurrences, and

do not involve a common question of law or fact. Indeed, Plaintiff appears to be complaining in a single complaint about virtually everything that has happened to him that he finds objectionable in the year after he was transferred to California Training Facility. Rule 20(a) requires that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. This is precisely what Plaintiff has done. Accordingly, the Court finds the claims and defendants improperly joined.

Although a Court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with leave to file an amended complaint. *See* Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not, then this action will be dismissed.

In his amended complaint, Plaintiff may only include Defendants who were involved in the incidents that give rise to the properly joined claims he chooses to present. Moreover, the amended complaint must allege how each Defendant violated his constitutional rights by alleging the actions or inactions the Defendant took that proximately caused the claimed constitutional violation. Plaintiff may not, as he has done in the Complaint, simply list a large number of Defendants and in conclusory fashion claim that they collectively violated his constitutional rights.

Plaintiff will not be given another opportunity to cure these deficiencies after the amended complaint ordered below; if the deficiencies are not cured in the amended

complaint, this case will be dismissed.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 10-1859 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: <u>October 9, 2012</u>

JEFFREY S. WHITE
United States District Judge

5

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

EARNEST C. WOODS II,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.
                                             /

Case Number: CV10-01859 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest C. Woods D 58091
P.O. Box 689
Soledad, CA 95696

Dated: October 9, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk